UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JACKSON BARROS, Petitioner          :       Docket #C03-10021-DPW

vs.                                 :

United States of America            :                                MAGISTRATE JUDGE MBD

MOTION TO VACATE SENTENCE ENHANCEMENT
PURSUANT TO BLAKELY VS. WASHINGTON

05 10623 DPW

Now comes Jackson Barros, Petitioner, Pro Se pursuant to the above numbered cause asking this Court to vacate sentence enhancement for weapons charge as well as criminal history points. Petitioner was sentenced November 23, 2003 on 3 counts of § 841 possession with intent to sell and 1 count of § 860, within 1000 ft of a school area.

Petitioner pled guilty to an open plea, yet there is no plea agreement on record. Petitioner believes that the rush of a speedy trial and his total misunderstanding of the law was the reason to agree to a plea.

Petitioner through his atorney objected numerous times to the PSI report prepared by the probation officer at the bequest of the AUSA.

Petitioner avers that this was a very first drug offense placed upon him and in accordance with the Comprehensive Drug Act of 1970, only those prior criminal acts of the same nature (drugs) could be used against him.

Petitioner further believes that Det. Fratalia of the Boston Police Department committed perjury when he stated that he (the Detective) knew Barros for 7-8 years when in essence it was 1 - 1 1/2 years. It is for this reason that <u>Crawford vs. Washington March 2004</u> stated that courts should be leery when accepting hearsay evidence from CI's and/or government agencies.

In <u>US vs. Nelson Rodriguez 319 F3d 12 (1st Cir 2003)</u>, the weapons

enhancement applies where the weapon was present and possessed during the crime, evnn if it was not used or intended to be used. Defendant must prove improbability.

A) The weapon was found underneath mattress while petitioner was sleeping and no warrant was shown or produced.

B) Crime was committed within 1000 ft of a school, yet defendant was sleeping. Which is it, was the weapon brandished or used during crime according to § 922 or § 924 or was this concoction derived after weapon was found? Either way it is an enhancement and stated in the Pre-Sentence is crime cocmmitted 01/15/02, 08/06 and 08/22/02 and 09/19/2002, weapon found 03/21/03, 6 months after when the weapon was found, on page 14 of PSI it is not clearly improbable that firearm was used to Defendant's drug crime, therefore this was not evidence beyond a reasonable doubt.

To punish someone for the company he keeps is not a justification that convicts a person.

To have an open plea for someone who was and is ignorant of the law was a sign of an overzealous AUSA, for a plea agreement must be signed by the US Attorney of the District and must be meticulous in nature and show what the government owes the Defendant and not vice-versa. As in US vs. Frazier 340 F3d 5 (1st Cir 2003), all the above reasons to have a plea agreement could be found.

Petitioner further states that prior criminal history was as a youthful offender and all misdemeanors with no prison time.

Petitioner asks this Honorable Court to grant motion to vacate enhancements, resentence accordingly and replace petitioner to Category I of the Criminal History Level.

Respectfully Submitted,

*Jackson Barros*
Jackson Barros