IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
JACKSON BARROS,                :
        Petitioner             :
                               :        CIVIL ACTION NO.
        v.                     :
                               :        05-10623-DPW
UNITED STATES OF AMERICA,      :
        Respondent
```

GOVERNMENT'S RESPONSE TO PETITIONER'S § 2255 MOTION

Comes now the United States of America, by Michael J. Sullivan, United States Attorney, and Theodore B. Heinrich, Assistant United States Attorney for the District of Massachusetts, and files this response as follows:

On January 30, 2003, a federal grand jury returned an indictment charging petitioner Jackson Barros ("petitioner") with four counts of distributing an unspecified amount of cocaine base. Two of those counts further alleged that the distribution took place within 1000 feet of a school. See Title 21, United States Code, Sections 841(a)(1), (b)(1)(C)(iii), and 860(a).

Petitioner pled guilty to all four counts on September 4, 2003. The plea was offered without a plea agreement with the government. On November 25, 2003, petitioner was sentenced to a term of imprisonment of 70 months.[1] The judgment entered the same

---

[1] The transcript of plea and sentencing proceedings have been ordered but will not be available until mid-May. Nevertheless, since the grounds raised do not support the relief sought, the Court can deny the motion without recourse to the transcripts.

day. Petitioner did not appeal. Thus, his conviction became final on December 10, 2003. See Fed. R. App. Proc. 4(b)1; Fed. R. Crim. Proc. 45(a). Petitioner filed the instant motion on March 25, 2005.

Although he does not cite United States v. Booker, 125 S.Ct. 738 (Jan. 12, 2005) or Blakely v. Washington, 124 S.Ct. 2531 (2004) in the body of his motion, the motion is captioned "Motion to Vacate Sentence Enhancement Pursuant To Blakely v. Washington." In the first sentence of the motion, he asks the Court to vacate the "sentence enhancement for weapons charge as well as criminal history points." He appears to argue that the firearm found under his mattress on the day of his arrest (March 21, 2003) was not involved in the offenses of conviction, the last of which took place on September 19, 2002, some six months previously. He also appears to argue that his prior criminal history consisted of misdemeanor and juvenile offenses that did not warrant the conclusion in the Pre-sentence Investigation Report that he was a Criminal History Category II.

Thus, the essential claim appears to be that the Blakely and Booker decisions confer upon him grounds pursuant to § 2255 to vacate his sentence, which was too long as a consequence of inadequate or incorrect fact-finding by the Court.[2]

---

[2] Petitioner further alleges that Detective Fratalia committed perjury when he stated that he knew petitioner for 7-8 years. Petitioner offers no evidence that this statement was false

Petitioner's motion must be denied for at least three independent reasons.  First, the motion was not made within the one year time limit under Section 2255 and is therefore foreclosed.  Second, relief under Blakely or Booker is not retroactive and therefore is not available to Petitioner.  And third, the errors claimed by Petitioner in his sentencing, even if they were errors, do not warrant relief under Section 2255.

Section 2255 provides a one year limitations period within which a motion must be filed.  The limitations period runs from the date on which the judgment of conviction becomes final, absent other circumstances not presented here.  Petitioner filed his Motion to Vacate His Sentence on March 25, 2005.  His conviction, which he did not appeal, became final on December 10, 2003.  Thus, his motion is untimely and must be dismissed.  Derman v. United States, 298 F.3d 34, 40 (1st Cir. 2002)("The one-year period for filing a petition challenging a federal court conviction . . . begins to run from and after 'the date on which the judgment of conviction becomes final'").

The one year time limit applies to the date on which a right is initially asserted by the Supreme Court, but only if that right

---

and no explanation as to how the allegedly false statement prejudiced him at sentencing.  Petitioner also appears to complain about the absence of a plea agreement with the government.  However, it was the defendant's decision to enter a plea without an agreement with the government, as is plain from the transcript of the plea hearing.  Likewise, there is no claimed or apparent prejudice flowing from this circumstance.  Accordingly, neither claims are grounds for relief.

has been made retroactive to cases on collateral review. The rights established in <u>Blakely</u> and <u>Booker</u> are not retroactive, and the First Circuit recently made plain in <u>Cirilo-Muñoz v. United States</u>, --- F.3d ---, No. 02-1846, 2005 WL 858324 (1st Cir. Apr. 15, 2005). In <u>Cirilo-Muñoz v. United States</u>, the First Circuit held that any grant of retroactive effect "must await a decision of the Supreme Court." --- F.3d ---, No. 02-1846, 2005 WL 858324, at *6 (1st Cir. Apr. 15, 2005). The Court observed that all "<u>Blakely</u> claims are now viewed through the lens" provided by <u>Booker</u>, and that the pre-<u>Booker</u> use of the sentencing guidelines did not implicate "the fundamental fairness and accuracy of the criminal proceeding." <u>Id</u>. at *5. As the opinion noted, every other circuit, including the 2nd, 6th, 7th, 10th, and 11th "has agreed that <u>Booker</u> does not apply retroactively." <u>Id</u>. at *6 (See <u>Varela v. United States</u>, 400 F.3d 864, 866-68 (11th Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir. 2005); <u>United States v. Mitchell</u>, 2005 WL 387974, at *1 (2d Cir. Feb. 18, 2005) (unpublished); <u>United States v. Leonard</u>, 2005 WL 139183, at *2 (10th Cir. Jan. 24, 2005) (unpublished).

In short, the case here was "final" prior to the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u>. The rights established in those cases are not retroactively applicable to cases on collateral

review. Thus, the defendant does not advance any grounds entitling him to relief.

Finally, even if Petitioner could overcome the hurdles set forth above, his claims do not warrant relief. Section 2255 does not offer relief for "all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). Instead, § 2255 furnishes limited relief only in a case of "fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). Petitioner does not present a case for such relief. Claims of error under the Sentencing Guidelines are generally not cognizable on Section 2255. Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994).

Here, the Petitioner does not deny that a firearm was discovered underneath his bed during his arrest. He argues only that it should not have factored into his sentence. Likewise, he does not dispute the accuracy of his criminal record, only the significance of that record as it concerned his sentence. Yet these issues were raised and fully aired at the sentencing and the Court took them into account. The petitioner did not appeal his sentence on these or any other grounds, and he does not provide any cause for his failure to do so nor any prejudice resulting from the alleged error. United States v. Frady, 456 U.S. 152, 170 (1982).

Moreover, the sentence of 70 months was at the bottom of the guideline range calculated by the Court.  The Petitioner argues that his range apparently should have been two offense levels and one criminal history category lower. As the government argued in its sentencing memorandum, "even if the firearm points are not included, the guideline range would be 57-71 months.  As the defendant appears to concede that he in fact possessed the firearm, the government submits that, if the Court were to sustain the defendant's objection, it would nevertheless be appropriate to take the possession of the loaded firearm into consideration and impose a sentence at the top of this lower guideline range."  If a lower criminal history category were subtracted from there, the guideline range would still have been 51-63 months.  Thus, Petitioner's actual sentence was only 7 months more than the range Petitioner apparently feels was appropriate.  Thus, even if Petitioner's claims of error are valid (and they are not), there was no miscarriage of justice and no cognizable claim for Section 2255 relief.

On all these grounds, the Petitioner's motion should be denied without a hearing.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        UNITED STATES ATTORNEY

                                        /s/ Theodore B. Heinrich

                                        THEODORE B. HEINRICH
                                        ASSISTANT UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Jackson Barros, Reg. No. 24664-038
>FCI Schuylkill
>Satellite Camp
>P.O. Box 670
>Minersville, PA 17954

This 22nd day of April, 2005.

>/s/ Theodore B. Heinrich
>THEODORE B. HEINRICH
>ASSISTANT UNITED STATES ATTORNEY