UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JACKSON BARROS,
      Petitioner,

V.S.

UNITED STATES OF AMERICA,
      Respondent.

DOCKET NO: 05-10623-DPW

PRO-SE

**REBUTTAL TO GOVERNMENTS RESPONSE**

    Now comes, Petitioner, Pro-se, Jackson Barros, pursua to the above numbered cause and motion. Petitioner avers that he never received filing and response orders and it was not unt he conversed with attorney Lois M. Lewis of West New ton, Mass, did said Petitioner find out about the government's response dated 22 April 2005, some 5 months ago. Petitioner begs that courts indulgence and prays that this delayed rebuttal is accep d and acted upon.

**REBUTTAL**

    First and foremost, the government on Page 2 of its response assures the court that Petitioner did not have possess n of the weapon during the drug offense for it was not until 6 months later when they came to arrest Petitioner, they found a weapon. Was this weapon found by an illegal search warrant, for Petitioner recalls simply an arrest warrant was shown to him. Title 18 §922 and 924 states the gun must be in use in ord to be charged. Therefore, Petitioner believes that the enhancem t for the weapon should not have been brought to begin with, for

(1)

it is not **Blakely, not Booker,** but **Jones-vs- United States, 526** U.S. 227 and **Apprendi-vs-New Jersey 530 US 466** as well as **Ring-vs- Arizona 536 US 584** that the Statutory Maximum for **Apprendi** purpose is the Maximum Sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the Defendants. Finding a weapon 6 months after a drug bust is not reflective on weather a gun was present or not. And in **Crawford-vs- Washington Sct Mar 2004,** Criminal Law 662.8, the Confrontation clause provides the accused with cross examination to in court testimony, but out of court statement as well, U.S. A. Const Amend 6. The constitution prescribes the procedures for determining the reliability of testimony and the courts lact authority to replace it with one of its own devising. **Crawford Pp 1372,1374.** To further attest to the illegal search, Petitioner states he was asleep and no warrant shown to him, other than you are under arrest, therefore, quoting **United States-vs- Nels Rodriguez 319 F3d 12(1St Cir 2003),** " The weapons enhancement applies where the weapon was present and possessed during the crime, even if it was not used or intend to be used." Defendant must prove improbability and does so by the Pre-Sentence Report showing offenses on 01-15-02, 08-08-06-02, 08-22-02, and 09-19-02, 4 offenses and no weapon until 6 months later when it was found half loaded not fully loaded as stated by the government. On page 14 of PSI it is stated, it is not <u>clearly improbable that firearm was used to Defendants drug crime.</u>

    Petitioner must not offer evidence of the falsehood portrayed by Det.Fratalia, for if he knew Petitioner for 7-8 years, his knowledge would have taken him back to 13 years

of age. Petitioner is giving benefit of doubt on stating 1-1 1/2 years of knowledge for this Policeman knows that by alludir to an acquaintance or knowledge of a person for 7-8 years would give greater credibility infront of this court.

The government states that there is a one year time period for a 28 U.S.C. 2255 which Petitioner agrees with, howev, Petitioner is not preluded from seeking relief under "Saving Clause" of said 2255 based on subsequent Supreme Court Cases, such as **Crawford-vs- Washington, Shepherd-vs- United States, 125 Sct 1254,.** Petitioner reflects **Blakely** to **Apprendi, Ring** and **Jones** for the Supreme Court all have indicated the same on these three cases. The saving clause. In **Shepherd -vs United Sta  s,** Justice Thomas stated that previous cases which permitted judic  l factfinding that concerns prior convictions, have been eroded by this court's subsequent Sixth Amendment Jurisprudence Pp1-3. Again, the Supreme Court is preserving the Sixth Amendment Right, rejecting the factfinding procedure because it give rise to constitutional error. Therefore, the court correctly decline to broaden the scope judges may consider under **Taylor-vs United States 495 US 575.** The government stated that an open plea was given and Petitioner accepted, only because of ignorance of the law, and the court holds prosecutors engaging in plea bargini to "most meticulous standards of both promise and performance." **United States-vs- Riggs 287 F3d 221(1st Cir 2002),** quoting **United States -vs- Velez Carerro 77 F3d 11 (1st Cir 1996).** Petitioner can honestly say that this did not occur and the Rule 11 was violated in many respects.

The government talks of no appeal, however, in note 8

(3)

28 U.S.C. 2255 annotated 2004, purpose authorizing challenge to legality of sentence and validity of judgement by court which imposed sentence ; **Bradshaw-vs- Story 86 F3d 164 Cr. Law 1403.**

    Motion to vacate sentence is a collateral attack upon the judgement and not a direct appeal and only such errors as infringement of <u>constitutional rights</u> can render judgement subject to collateral attack; **Killebrew-vs- United States CA 5(Tex) 275 F2d 308,** and **Cassidy-vs-United States Ca 8(Mo) 428 F2d 585.** It is also allowed under Jurisdictional defects and misunderstanding of law; **Gillinsky-vs- United States CA 9 (New) 335 F2d 914 and Brown -vs- United States Ca 9 (Cal) 269 F2d 118.**

### REMEDY

    Petitioner again, asks this Honorable Court to accept this motion, vacate the enhancement of a weapon, recategorize Criminal History to 1 and resentence Petitioner in the best interest of Justice for all, for the government response quoting numerous circuits concerning retroactivity of **Booker** while Petitioner was just trying to have the constitution be applicable to him as others and that no one should be beyond the scope of truth when persuing convictions.

                          Respectfully Submitted,

                            *Jackson Barros*

                            Jackson Barros

                            Register#24664-038
                            F.P.C. Schuylkill
                            P.O. Box 670
                            MInersville, PA    17954